UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ERIK DEIDAN,

                           Plaintiff,                    No. 1:25-cv-04819 (JMF)

      - against -

SANTANDER US CAPITAL MARKETS LLC,

                           Defendant.

---

## CONFIDENTIALITY STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.      Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2.      The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3.      In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court.

4.      Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a.   The requesting party and counsel, including in-house counsel;

    b.   Employees of such counsel assigned to and necessary to assist in the litigation;

    c.   Potential or anticipated witnesses and their counsel, pursuant to Paragraph 5 of this Stipulation;

    d.   Consultants or experts assisting counsel, pursuant to Paragraph 5 of this Stipulation; and

    e.   The Court (including any person needing access to the Confidential Information by virtue of his or her position with the Court)

    f.   Any the mediator agreed to by the parties (including any person needing access to the Confidential Information by virtue of his or her position with the mediator), pursuant to Paragraph 5 of this Stipulation.

5.      Prior to disclosing or displaying the Confidential Information to any witness, expert, consultant or mediator, pursuant to paragraph 4, except at trial, that witness, expert, consultant or mediator shall be provided a copy of this Stipulation, and the witness, expert, consultant or mediator will agree to be bound by its terms, provided such person has first executed a Non-Disclosure Agreement in the form attached as **Exhibit A** hereto. Any disclosure of Confidential Information to witnesses, experts, consultants or mediators must be useful or necessary for the preparation for or conduct of this matter.

6.      The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to later designate such document or information as Confidential Information. If so designated, the document or information shall

thereafter be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7.    Any party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) may at any time prior to trial serve upon counsel for the receiving party a written notice stating with particularity the grounds for the request. If the parties cannot reach agreement promptly, counsel for the parties will address their dispute to this Court in accordance with this Court's Individual Practices in Civil Cases.

8.    Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

9.    Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or other information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

10.    Notwithstanding the designation of information as "CONFIDENTIAL" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

11.    Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

12.    At the conclusion of litigation, all copies and versions of Confidential Information of shall be promptly (and in no event later than 30 days after entry of final judgment no longer

subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

13.    In the event any party receives a subpoena, civil investigative demand, or other form of legal process from any non-party (including any party to any action other than this action, or any federal or state regulatory or administrative body or agency) that purports to require or that such receiving party reasonably construes to require disclosure of Confidential Information, such receiving party shall, as promptly as possible, and in no event later than ten (10) days before the return date of such legal process, disclose such fact to the producing party, with a copy of the form of legal process, unless precluded from doing so by law or court order. The party receiving legal process shall not disclose any Confidential Information in response until the return date of such legal process. Upon receipt of this notice, the producing party may, in its sole discretion and at its own cost, move to quash or limit the legal process, otherwise oppose production of the Confidential Information, and/or seek to obtain confidential treatment of such Confidential Information from the subpoenaing person or entity, and the party receiving legal process agrees not to oppose a request for such relief by the producing party.

**SO STIPULATED AND AGREED.**

*[**Signatures on following page**]*

- 4 -

Date: June ___, 2026

**SANTANDER US CAPITAL**
**MARKETS LLC**

By: /s/ *Steven Cooper*
Steven Cooper
REED SMITH LLP
599 Lexington Avenue
New York, NY  10022-7650
Tel: (212) 521-5400
Fax: (212) 521-5450
scooper@reedsmith.com

Betty S.W. Graumlich
(*pro hac vice forthcoming*)
Noah S. Oberlander
(*pro hac vice forthcoming*)
Riverfront Plaza-West Tower
901 East Byrd Street
Suite 1900
Richmond, VA 23219-4068
Tel: (804) 344-3400
Fax: (804) 344-3410
bgraumlich@reedsmith.com
noberlander@reedsmith.com

*Counsel for Santander US Capital Markets*
*LLC*

**ERIK DEIDAN**

By: */s/ Anne L. Clark*
Anne L. Clark, Esq.
VLADECK, RASKIN & CLARK, P.C.
111 Broadway, Suite 1505
New York, NY 10006
Phone: (212) 403-7300
Fax: (212) 221-3172
aclark@Vladeck.com
*Counsel for Erik Deidan*

This stipulation binds the parties to treat as confidential the documents so classified.  This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential.  That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents."  *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order.  *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

**SO ORDERED.**

JESSE M. FURMAN
United States District Judge
June 25, 2026

- 5 -

**EXHIBIT A**

**Agreement**

I have been furnished with and have read the Protective Order entered by the Court in the matter entitled *Erik Deidan v. Santander US Capital Markets LLC*. I have been informed by counsel that certain documents or information to be disclosed to me in connection with this matter have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated: _____, 20__

_____
Name (printed)

_____
Signature